UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAUVE COLLINS (#551251)                              CIVIL ACTION

VERSUS

TRISH FOSTER                                         NO.: 13-00232-BAJ-SCR

## RULING AND ORDER

Before the Court is Plaintiff Jauve Collins's **Motion to Objection to the Magistrate Judge's Ruling on Motion to Address the Court (sic) (Doc. 30)**, seeking an order from this court vacating the Magistrate Judge's ruling denying his motion to address the court (Doc. 27). Plaintiff also asks the Court what action he should take regarding the filing of a Section 1983 claim. The motion is unopposed. Oral argument is not necessary.

Also before the Court is Plaintiff's **Motion to Compel (Doc. 33)**, seeking an order from this Court imposing "a swift ruling to his Motion to Objection [t]o [t]he Magistrate Judge's Ruling on Motion [t]o Address the Court." (Doc. 33, at 2.) The motion is unopposed. Oral argument is not necessary.

Also before the Court is Plaintiff's **Motion to Reurge Motion to Compel (Doc. 39)**, seeking an order from this Court ruling on his earlier Motion to Compel (Doc. 33). Plaintiff asserts that the Court seems to have "totally disregard[ed] said motion." (Doc. 39, at 1.) The motion is unopposed. Oral argument is not necessary.

The Court will first address Plaintiff's objection. Although Plaintiff filed an "objection" to the Magistrate Judge's original order denying Plaintiff's motion to address the Court, the Local Rules of the United States District Court for the Middle District of Louisiana ("Local Rules") do not permit such. Rather, the Local Rules permit a party to *appeal* a Magistrate Judge's order. *See* L.R. 74.1(A). Indeed, the filing of an objection only relates to a Magistrate Judge's proposed findings, recommendations, or report, not a Magistrate Judge's order. *See* L.R. 74.1(B). Nevertheless, because Plaintiff's objection was filed within the time that a valid appeal would be filed in compliance with the local rules, the Court will treat Plaintiff's objection as an appeal and consider the motion.[1]

When, as here, a party's appeal pertains to an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure ("Rule") 54(b).

Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475.

---

[1] Local Rule 74.1 provides that a party may appeal from a magistrate judge's order by filing with the clerk of court, within 14 days of receipt of a copy of the order, a written statement of appeal specifically designating the order or part thereof appealed from, the basis for the objection, and a written memorandum in support thereof. A copy of the appeal shall be served on the magistrate judge and all parties. The time period allowed for appeal may be modified by the magistrate judge or district judge. The district judge shall consider the appeal and set aside any portion of the order found to be clearly erroneous or contrary to law. The district judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule. L.R. 74.1.

In support of his motion, Plaintiff argues that the Magistrate Judge erred in denying his motion to address the Court, asserting that he is constantly being retaliated against by personnel of the Louisiana State Penitentiary because of the filing of his Section 1983 action against Defendant Trish Foster. He also argues that Defendant is preventing him from exhausting all of his administrative remedies by unreasonably denying him the right to use the Administrative Remedy Procedure. Further, Plaintiff asks the Court for guidance as to whether it is appropriate for him to file another Section 1983 action and whether he could be excused from the "exhaustion requirement under this circumstance."[2] (Doc. 30, at 4.)

Plaintiff's objections do not convince the Court that the Magistrate Judge should have reached a different conclusion. To the extent that Plaintiff would like to assert additional factual allegations, a motion to address the Court is not the proper vehicle for doing so. Thus, the denial of the motion by the Magistrate Judge was proper. Further, as addressed by the Magistrate Judge, no party has a right to be provided legal advice from the Court. Thus, the Court will not advise Plaintiff as to what course of action he should take with respect to filing additional Section 1983 actions. Should Plaintiff decide to file any additional claims in federal court, such filings will be addressed accordingly.

Regarding the motions to compel, neither the Federal Rules of Civil Procedure nor the Local Rules contemplate a party's motion to compel urging the Court to issue a judgement or an order. Indeed, motions to compel generally concern discovery, arbitration, or other matters not presented in this situation. Thus, the Court will treat Plaintiff's

---

[2] The Court is confused by this request and will assume that Plaintiff is referring to the exhaustion of administrative remedies available to him at the Louisiana State Penitentiary.

motions to compel as motions for expedited consideration, as he insists that his matters must be immediately addressed. Nevertheless, because the Court has addressed Plaintiff's objection above, the motions to compel are therefore moot.

Accordingly,

**IT IS ORDERED** that Plaintiff Jauve Collins's **Motion to Objection to the Magistrate Judge's Ruling on Motion to Address the Court (sic) (Doc. 30)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Jauve Collins's **Motion to Compel (Doc. 33)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff Jauve Collins's **Motion to Reurge Motion to Compel (Doc. 39)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 9th day of December, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA