UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAUVE COLLINS (#551251)

VERSUS                                              CIVIL ACTION

TRISH FOSTER                                        NUMBER 13-232-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 30, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAUVE COLLINS (#551251)

VERSUS                                         CIVIL ACTION

TRISH FOSTER                                   NUMBER 13-232-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are the plaintiff's Motion for Summary Judgment and the Defendant's Motion for Summary Judgment. Record document numbers 64 and 53, respectively. Defendant opposed the plaintiff's motion, to which opposition the plaintiff filed a reply.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Legal Programs Director Trish Foster. Plaintiff alleged that the defendant reviewed his legal mail outside of his presence in violation of his constitutional rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, his affidavit and the affidavit of inmate Marion Taylor, responses to requests for admissions and interrogatories, copies of certified mail and privileged mail logs, copies of the results of Administrative Remedy Procedure (hereafter "ARP") LSP-

---

[1] Record document number 66 and 67 respectively.

2012-3195 and LSP-2013-2073, a copy of a memorandum from Trish Foster to the plaintiff dated October 28, 2013, copies of correspondence to the Clerk of Court, a copy of the Administrative Remedy Procedure dated January 2011, and a copy of the Louisiana Department of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Offenders dated August 2008.[2]

Defendant moved for summary judgment relying on a statement of undisputed facts and a copy of a memorandum from Trish Foster to the plaintiff dated October 28, 2013.

## I. Factual Allegations

Plaintiff alleged that on October 10, 2012, he received legal mail from the district attorney's office, including eight compact audio disks (CDs) and six cassette tapes. Plaintiff alleged that corrections officer Augustine informed him that the CDs and cassette tapes would be sent to the legal programs department for review outside of his presence. Plaintiff alleged that Trish Foster, the Legal Programs Director, retained the CDs and cassette tapes and has not returned the materials to him. Plaintiff alleged that he filed an administrative grievance which was accepted but he has not received a response at either the first or second step of the procedure.

---

[2] Plaintiff addressed claims in his motion for summary judgment which were not raised in his complaint, as supplemented at the *Spears* hearing. Plaintiff's motion for summary judgment shall not be treated as an amendment to the complaint.

2

On July 23, 2013, a hearing was held in this matter pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether the complaint should be dismissed as frivolous.

At the *Spears* hearing the plaintiff stated that he purchased copies of materials related to his state criminal case from the district attorney's office, including CDs and cassette tapes. Plaintiff stated that he received copies of all the written materials he requested but he was told that the CDs and cassette tapes would be sent to the Legal Programs Department to be inspected for contraband. Plaintiff stated that the materials are related to his state criminal court case for which he was convicted and is currently incarcerated.

Plaintiff stated that in September 2011 he filed a *pro se* post-conviction relief application (hereafter, "PCRA") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, and later filed four supplements to the PCRA. Plaintiff stated that on January 16, 2013, he was allowed to review the CDs and cassette tapes in the presence of a corrections officer; he was permitted to review everything on the CDs and cassette tapes. Plaintiff stated that the materials consisted of tape-recorded witness statements, recorded 911 calls, photographs of the victim's body and crime scene photographs. Plaintiff stated that the photographs had to be reviewed on a DVD player so he was not concerned that he was not allowed to possess those materials.

3

Plaintiff stated that he wanted to listen to the witness statements, which he believed contained information which was not produced to him and his attorney.

Plaintiff stated that he is permitted to possess a CD player and a tape player in his dormitory and he could have listened to the CDs and cassette tapes if he had been allowed to possess them. Plaintiff stated that CD and tape players are sold at the prison canteen and inmates are allowed to order CDs and cassette tapes from vendors. Plaintiff stated that he wanted to be allowed to possess the CDs and tape cassettes.

Plaintiff stated that in April 2013 he was granted leave to file another supplement to the PCRA after he listened to the CDs and cassette tapes. Plaintiff stated that he believes the information contained on the CDs and cassette tapes can help him overturn his conviction. Plaintiff stated that the PCRA is currently pending before the state district court.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing

that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Failure to Exhaust Administrative Remedies**

Defendant argued that the plaintiff failed to exhaust available administrative remedies before filing suit. Specifically, the defendant argued that the plaintiff failed to exhaust ARP LSP-2012-3195 when he proceeded to the Second Step of the two step procedure while the matter was pending at the First Step.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), abrogated

5

in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. Id., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he exhausted available administrative remedies regarding the claims raised in the complaint in ARP LSP-2012-3195.[3] Plaintiff asserted that prison officials did not respond to the ARP at the First and Second Steps in a timely manner and as a result, he technically exhausted available administrative remedies.[4]

Defendant argued that the plaintiff failed to exhaust ARP LSP-2012-3195 when he proceeded to the Second Step of the two step procedure while the matter was pending at the First Step.

Defendant's argument is not factually supported and is unpersuasive. In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a

---

[3] Record document number 1, p. 3, ¶ II. C. 1.

[4] *Id*. at ¶ II. C. 3.

7

notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id*. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id*. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

The summary judgment evidence showed that the plaintiff filed ARP LSP-2012-3195 on October 15, 2012,[5] and it was accepted on November 16, 2012.[6] Plaintiff complained that on October 10, 2012, he received a package from a district attorney's office which contained eight CDs and six cassette tapes. Plaintiff complained that officer Augustine informed him that the CDs and cassette tapes would have to be reviewed by the legal programs department for contraband outside of his presence. Plaintiff complained that commercially produced music CDs bought from vendors are not censored by the legal programs department.

It is undisputed that on February 18, 2013, the plaintiff proceeded to the Second Step after prison officials failed to issue

---

[5] Record document number 7-1, pp. 4-6.

[6] *Id*. at 3.

a First Step Response within 40 days.

This sequence of events shows that the plaintiff exhausted available administrative remedies as to his claim that the defendant reviewed his legal mail for contraband outside of his presence.

Defendant did not move for summary judgment on grounds that the plaintiff failed to exhaust available administrative regarding the access to the court claim against her, as clarified by the plaintiff at the *Spears* hearing.

**C. Review of Materials Outside Plaintiff's Presence**

Plaintiff alleged that the CDs and cassette tapes were reviewed for contraband outside of his presence in violation of his First Amendment rights.

Prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected. *Singletary v. Stalder*, 273 F.3d 1108 (5th Cir. 2001); *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993).

**D. Access to Courts**

At the *Spears* hearing the plaintiff alleged that Foster interfered with his access to the courts.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions

9

> under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and

a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir.

11

1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

At the *Spears* hearing the plaintiff alleged that Foster interfered with his access to the courts by withholding the CDs and cassette tapes purchased from the district attorney's office for approximately four months and would not allow him to retain the materials in his possession for additional review. However, the plaintiff conceded that he filed a PCRA in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, and later filed four supplements to the PCRA. Plaintiff conceded that in April 2013 he was granted leave to supplement his PCRA after he listened to the CDs and cassette tapes. Plaintiff acknowledged that the PCRA is currently pending before the state district court.

Plaintiff's allegations, as supplemented at the *Spears* hearing, regarding a denial of access to courts fail to state a claim upon which relief can be granted because the plaintiff cannot demonstrate that he suffered any detriment by Foster's alleged conduct.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

plaintiff's Motion for Summary Judgment be denied and that the defendant's Motion for Summary Judgment be granted.

It is further recommended that the plaintiff's access to courts claim, as asserted at the *Spears* hearing, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal access to the courts claim he could assert against the defendant consistent with the facts alleged in his complaint as expanded by the information provided at the *Spears* hearing, and that this action be dismissed.

Baton Rouge, Louisiana, June 30, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE