UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAUVE COLLINS (#551251)  CIVIL ACTION

VERSUS

TRISH FOSTER  NO.: 3:13-cv-00232-BAJ-SCR

## RULING AND ORDER

Plaintiff alleges that prison officials violated his constitutional rights by listening to certain audio CDs and cassettes related to his underlying criminal conviction "out of his presence" and, further, delaying Plaintiff's access to the same. (*See* Doc. 1 at pp. 5–6). Discovery is complete and named Defendant Trish Foster—Louisiana State Penitentiary's Legal Programs Director—has filed a **MOTION FOR SUMMARY JUDGMENT (Doc. 53)**. Plaintiff has filed a cross-**MOTION FOR SUMMARY JUDGMENT (Doc. 64)**. The Magistrate Judge has issued a **REPORT (Doc. 72)**, recommending: (1) "plaintiff's Motion for Summary Judgment be denied;" (2) "defendant's Motion for Summary Judgment be granted"; and (3) "plaintiff's access to courts claim, as asserted at the *Spears* hearing, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal access to the courts claim [plaintiff can] assert against the defendant consistent with the facts alleged in his complaint as expanded by the information provided at the *Spears* hearing." (*Id.* at pp. 13–14). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 74).

Having carefully considered Petitioner's **COMPLAINT (Doc. 1)** and related filings—including Petitioner's objections[1]—the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 72)** and **ADOPTS** it as the Court's opinion in this matter.

Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 72),

**IT IS ORDERED** that **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 53) is GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's **MOTION FOR SUMMARY JUDGMENT (Doc. 64) is DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's access to courts claim is **DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), AND WITHOUT LEAVE TO AMEND,** because there is no conceivable, non-frivolous federal access to the courts claim Plaintiff can assert against Defendant consistent with the facts alleged in Plaintiff's complaint as expanded by the information provided at the

---

[1] The majority of Plaintiff's objection memorandum is devoted to questioning the Magistrate Judge's refusal to consider claims raised for the *first time* in Plaintiff's Motion for Summary Judgment. (*See* Doc. 74 at ¶ 5) ("Mover represents and shows, first of all, the [Magistrate Judge] didn't even rule on Claim-III & IIII [sic] raised in [Petitioner's] Motion For Summary Judgment . . . ."). However, the law is well-settled that a claim must be raised in the Complaint or an Amended Complaint to be properly before the Court. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

2

*Spears* hearing.

Baton Rouge, Louisiana, this 13th day of August, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**